UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MICHAEL B. MOORE, | ) | CASE NO. 1:19 CV 2722 |
| Petitioner, | ) ) | JUDGE JOHN R. ADAMS |
| v. | ) ) | |
| JUDGE ROTHGERY, | ) ) | MEMORANDUM OF OPINION AND ORDER |
| Respondent. | ) ) | |

## Introduction

*Pro se* Petitioner Michael B. Moore Hill has filed a Petition for a Writ of *Habeas Corpus*. under 28 U.S.C. § 2254. (Doc. No. 1.) He is a pre-trial detainee, awaiting trial in Lorain County of charges of aggravated robbery and other crimes. He previously pled guilty to various crimes (including one count of aggravated robbery with firearm specifications) in his criminal case for which he was found guilty and sentenced to an aggregate total of twelve years in prison, but the Ohio Court of Appeals subsequently vacated his plea and remanded the case on the basis that the trial court accepted his plea without properly instructing him on the State's burden of proof. *State v. Moore*, No. 16 CA 010753, 2019 WL 2910904 (Ohio App. July 8, 2019).

In his Petition, Petitioner complains that: (1) the trial judge refused to reduce his bail after he was awarded a new trial; (2) he needs a new judge because he is "back in front of the same judge whose judgment [he] appealed"; (3) the Ninth District Court of Appeals failed to give him a bond reduction hearing after it vacated his sentence; and (4) his "counsel is extremely ineffective" in representing him. (Doc. No. 1 at 5-10.) The relief he seeks is "Lesser charges and time served," and for the Court to "watchover" the state judge's courtroom during his new trial. (*Id*. at 15.)

## Standard of Review and Discussion

Pursuant to Rule 4 of the Rules Governing *Habeas Corpus* Cases, a federal district court is required to examine a petition and determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If so, the petition must be summarily dismissed. *See* Rule 4; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).

The Court finds that the Petition must be dismissed.

An applicant for a writ of *habeas corpus* under § 2254 must be "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). As a pretrial detainee, Petitioner is not entitled to seek relief pursuant to § 2254. Even if Petitioner sought *habeas corpus* relief under 28 U.S.C. § 2241, *see Norton v. Parke*, 892 F.2d 476, 478 n. 5 (6th Cir. 1989) (pretrial *habeas* petition is properly brought pursuant to § 2241), his Petition fails to allege a cognizable claim.

The law is well-settled that federal courts should not interfere in pending state court criminal proceedings absent the threat of "great and immediate" irreparable injury. *Younger v. Harris*, 401 U.S. 37, 46 (1971). "[A]lthough § 2241 establishes jurisdiction in the federal courts to consider pretrial *habeas corpus* petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. People of State of Mich.*, 644 F.2d 543, 546 (6th Cir. 1981). The Petition on its face does not suggest circumstances recognized in this Circuit as warranting federal court intervention in a pending state criminal proceeding. *See Khamisi v. Hamilton County,* Case No. 1:17 CV 819, 2018 WL 7499651, at *1–2 (S. D. Ohio, July 2, 2018), Report and Recommendation adopted, 2019 WL 978024 (S.D. Ohio, Feb. 27, 2019) (the Sixth Circuit has recognized exceptions to the *Younger* abstention doctrine in only three scenarios: when a petitioner seeks a speedy trial; to avoid a second trial on the ground that it would violate Double Jeopardy; or to challenge the State's attempt to retry him rather than permit him to accept an initial plea offer originally rejected due to ineffective assistance of counsel).

Further, even where extraordinary circumstances exist to justify federal court intervention in an ongoing state criminal proceeding, a petitioner must still exhaust all available state court remedies before seeking federal *habeas corpus* relief. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490 (1973); *Atkins*, 644 F.2d at 546. It does not appear that Petitioner has fully exhausted his state remedies on the claims he purports to assert, either in his state case "or by other state procedures available" to him. *Atkins*, 644 F.2d at 546.

## Conclusion

Accordingly, the Petitioner's motion to proceed *in forma pauperis* in this case (Doc. No. 2) is granted, and his Petition is denied as premature and dismissed without prejudice pursuant to Rule 4 of the Rules Governing *Habeas Corpus* Cases. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

/s/ John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

DATED: February 28, 2020